# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY,

        Plaintiff,

vs.

SONRISA HOMEOWNERS ASSOCIATION, *et al.*,

        Defendants.

Case No.: 2:16-cv-01963-GMN-PAL

**ORDER**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 80), filed by Plaintiff Deutsche Bank National Trust Company ("Plaintiff"). Defendants Sonrisa Homeowners Association ("HOA") and SFR Investments Pool, LLC ("SFR") filed Responses, (ECF Nos. 84, 91), and Plaintiff filed a Reply, (ECF No. 94). Also pending before the Court is HOA's Motion for Summary Judgment, (ECF No. 81), to which Plaintiff and SFR filed Responses, (ECF Nos. 85, 87), and HOA filed a Reply, (ECF No. 92). Lastly before the Court is SFR's Motion for Summary Judgment, (ECF No. 82), to which Plaintiff filed a Response, (ECF No. 86), and SFR filed a Reply, (ECF No. 93). For the reasons stated herein, the Court grants summary judgment in favor of SFR and HOA.

**I.    <u>BACKGROUND</u>**

This case arises from the non-judicial foreclosure on real property located at 1232 La Ballena Trail, Henderson, NV 89074 (the "Property"). (*See* Deed of Trust, Ex. A to Pl.'s MSJ, ECF No. 80-1). In 2006, Buenaventura and Rosalina Alcantara ("Alcantaras") financed their purchase of the Property by way of a loan in the amount of $313,500.00 secured by a deed of trust (the "DOT"). (*Id.*). Plaintiff became beneficiary under the DOT through an assignment recorded on August 22, 2013. (Assignment, Ex. B to Pl.'s MSJ, ECF No. 80-2). On June 20,

2007, the Alcantaras conveyed the property to Ray Alcantara, but the property was returned in 2009. (Transfers, Exs. C, I to Pl.'s MSJ, ECF No. 80-3). Upon the Alcantaras failure to pay all amounts due, the HOA, through its agent Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien in March 2009, which was later released on June 3, 2009. (*See* First Notice of Delinquent Assessment, Ex. J to Pl.'s MSJ, ECF No. 80-10); (Release, Ex. K to Pl.'s MSJ, ECF No. 80-11). Between 2009 and 2013, NAS recorded three more delinquent assessment liens against various purported owners of the property, but each were released. (*See* Exs. L–X to Pl.'s MSJ, ECF No. 80).

On March 27, 2013, NAS recorded a fifth lien, which listed the Alcantaras as the property owners. (*See* Fifth Notice of Delinquent Assessment, Ex. Y to Pl.'s MSJ, ECF No. 80-25). On September 4, 2013, NAS recorded a notice of foreclosure sale, which took place on September 27, 2013. (*See* Foreclosure Notice, Exs. AA to Pl.'s MSJ, ECF No. 80-26). At the sale, SFR purchased the Property for $23,000.00 and recorded a foreclosure deed on October 7, 2013. (Foreclosure Deed, Ex. CC to Pl.'s MSJ, ECF No. 80-28).

Plaintiff brings this quiet title action seeking a declaration that the DOT continues to encumber the Property and that SFR's interest in the Property is subject to this encumbrance. (*See* Compl. ¶¶ 48–98, ECF No. 1). Plaintiff also raises claims for breach of NRS 116, wrongful foreclosure, and injunctive relief. (*Id.*). In turn, SFR asserts competing quiet title, declaratory relief, and injunctive relief counterclaims against Plaintiff. (*See* Answer 18:10–19:18, ECF No. 24).

**II.    LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that

may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute,

the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

### III. DISCUSSION

Plaintiff moves for summary judgment on its quiet title claim, asserting that the DOT survived because the foreclosure was conducted pursuant to an unconstitutional statutory scheme and, alternatively, the Property's inadequate sales price, in conjunction with other evidence of unfairness, warrants setting aside the sale on equitable grounds. (Pl.'s MSJ 5:25–10:8, ECF No. 80). SFR seeks judgment in the form of a declaration that it is the title holder to the Property and that Plaintiff's DOT was extinguished by the foreclosure sale. (SFR's MSJ 23:2–8, ECF No. 82). SFR also asserts that Plaintiff's quiet title claim cannot survive because Plaintiff is without standing to bring the claim. (SFR's Resp. 19:18–20:5, ECF No. 84). The Court begins with the threshold issues of NRS Chapter 116's constitutionality and Plaintiff's standing to bring this action.

**A. Constitutionality of NRS Chapter 116**

The parties dispute whether the Ninth Circuit's decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), compels the Court to find that Plaintiff's DOT survived the HOA foreclosure sale. (Pl.'s MSJ 5:5–8:11); (SFR's MSJ 12:19–15:26).

In *Bourne Valley*, the Ninth Circuit held that NRS 116.3116's notice provisions violated lenders' due process rights because the scheme "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Bourne Valley*, 832 F.3d at 1159. The Ninth Circuit, interpreting Nevada law, declined to embrace the appellant's argument that NRS 107.090, read into NRS 116.31168(1), mandates that HOAs provide notice to lenders even absent a request. *Id.* Accordingly, the absence of mandatory notice provisions rendered the statutory scheme facially unconstitutional. *Id.* at 1158–60.

*Bourne Valley*'s construction of Nevada law is "only binding in the absence of any subsequent indication from the [Nevada] courts that [the Ninth Circuit's] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983). "[W]here the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, [a court] should consider itself bound by the later controlling authority . . . ." *Miller v. Gammie*, 335 F.3d 889, 892–893 (9th Cir. 2003). "[A] [s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation.").

In *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, the Nevada Supreme Court expressly declined to follow *Bourne Valley* and held that NRS 107.090 is incorporated into

NRS 116.31168, thus requiring that HOAs "provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." 422 P.3d 1248, 1253 (Nev. 2018) (en banc). As this Court previously explained, the Nevada Supreme Court's holding is clearly irreconcilable with the Ninth Circuit's finding of unconstitutionality because the Ninth Circuit premised its conclusion on NRS Chapter 116's lack of mandatory notice provisions. *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *3 (D. Nev. Dec. 17, 2018). Because the Nevada Supreme Court has since interpreted NRS Chapter 116 as mandating notice, the rationale underlying the *Bourne Valley* decision no longer finds support under Nevada law. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (recognizing that cases are "clearly irreconcilable" where the "relevant court of last resort . . . undercut[s] the theory or reasoning underlying the prior circuit precedent."); *see e.g, Toghill v. Clarke*, 877 F.3d 547, 556–60 (4th Cir. 2017).

In short, *Bourne Valley*'s holding that NRS Chapter 116 is facially unconstitutional is clearly irreconcilable with the Nevada Supreme Court's subsequent pronouncement. Because the Nevada Supreme Court has final say on the meaning of Nevada statutes, *Bourne Valley* is no longer controlling authority with respect to NRS 116.3116's notice provisions and, consequently, its finding of facial unconstitutionality. Accordingly, to the extent Plaintiff, in the instant Motion, seeks to prevail based upon *Bourne Valley*, the Court rejects this theory.

**B. Standing**

According to SFR, Plaintiff lacks standing because it has not produced the original, wet-ink endorsed Note or demonstrated the chain of ownership of the Note and the DOT. (*See* SFR's Resp. 19:18–20:5). These arguments are without merit.

It is well established that a quiet title action may be advanced by "any person against another who claims an estate or interest in real property, adverse to the person bringing the

action, for the purpose of determining such adverse claim." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013). Plaintiff seeks a declaration as to the viability of their lien interest relative to SFR's interest. SFR appears to conflate Plaintiff's declaratory relief action with one for enforcement of the note and DOT through *foreclosure*. *See Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 258 (Nev. 2012) ("[T]o foreclose, one must be able to enforce both the promissory note and the deed of trust.") (emphasis added). As to the chain-of-title contention, SFR offers no competing evidence to rebut Plaintiff's production of the DOT, as well as the subsequent assignment by which Plaintiff gained all beneficial interest in the same. (*See* Deed of Trust, Ex. A to Pl.'s MSJ); (Assignment, Ex. B to Pl.'s MSJ). Accordingly, the Court rejects SFR's argument that Plaintiff is without standing to bring the instant quiet title action.

**C. Notice to Deed of Trust Holders**

Plaintiff argues that the foreclosure sale violated NRS 116 because "NAS did not mail a copy of the notice of default to [Plaintiff] or BAC." (*See* Pl.'s MSJ 8:17–9:15). In support of this assertion, Plaintiff cites without explanation to what appear to be notes of NAS phone conversations. (*See* Phone Notes, Ex. GG to Pl.'s MSJ, ECF No. 80-32). In response, the HOA argues that Plaintiff had sufficient statutory notice of the sale. (HOA Resp. 4:13–6:9).

The notice of default and election to sell were recorded on May 9, 2013, and Plaintiff did not acquire its interest in the deed of trust until August 22, 2013. (Assignment, Ex. B to Pl.'s MSJ). While Plaintiff asserts BAC, its predecessor in interest, did not receive a copy of the notice of default, Plaintiff provides no cognizable evidence to establish this position. Furthermore, after Plaintiff acquired interest, the record shows that NAS sent Plaintiff the Notice of Foreclosure Sale via certified mail. (Notice, Ex. 5 to HOA's MSJ, ECF No. 81-5). NRS Chapter 116 "require[s] only that the notice be mailed, not received." *PNC Bank, Nat'l Ass'n v. Saticoy Bay LLC Series 9320 Mt. Cash Ave. UT 103*, 395 P.3d 511 (Nev. 2017)

(unpublished); *Deutsche Bank Nat'l Tr. Co. v. Saticoy Bay, LLC Series 11358 Cedar Log*, 422 P.3d 1231 (Nev. 2018) (unpublished); *see also* NRS 47.250(13) (codifying the presumption "[t]hat a letter duly directed and mailed was received in the regular course of the mail").

Plaintiff therefore had statutory notice of the foreclosure sale as contemplated by NRS 116. To the extent Plaintiff should have been mailed a copy of the notice of default, Plaintiff provides no explanation as to how it was affected or prejudiced by this omission. *See W. Sunset 2050 Tr. v. Nationstar Mortg.*, LLC, 420 P.3d 1032, 1035 (Nev. 2018). The Court therefore rejects Plaintiff's contention that it lacked notice of the sale.

### D. Equitable Grounds for Setting Aside the Sale

Plaintiff puts forth the following arguments to establish the foreclosure sale should be equitably set aside: (1) the Property sold for a grossly inadequate price; (2) HOA's CC&Rs provide that the foreclosure sale will not extinguish the first deed of trust; and (3) the CC&Rs, in conjunction with HOA's post-sale distribution of the sale's proceeds, suggest HOA intended a subpriority-only sale. (Pl.'s MSJ 9:16–13:10).

Courts possess the inherent power, based in equity, to settle quiet title disputes. *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). In determining whether an HOA's non-judicial foreclosure sale may be set aside on equitable grounds, the relevant inquiry is "whether the sale was affected by fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). The burden of establishing that a foreclosure sale should be set aside rests with the party challenging the sale. *Id.* at 646.

#### 1. Grossly Inadequate Price

Plaintiff argues that the Court should equitably set aside the sale based upon the Property's grossly inadequate sale price. (Pl.'s MSJ 10:24–27). According to Plaintiff, SFR's

purchase of the Property for $23,000 represented 12% of the Property's fair market value and, therefore, the sale price is inadequate as a matter of law. (*Id.*).

"[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Shadow Canyon*, 405 P.3d at 648 (declining to adopt a bright-line rule to equitably set aside a sale "based solely on price."). Because a low sale price is insufficient as a matter of law, the Court turns to Plaintiff's additional equitable arguments.

### 2. Mortgagee Protection Clause

Plaintiff contends that HOA, through its CC&Rs, represented that its superpriority lien "would be subordinate to the deed of trust," and that "enforcement of its lien would not impair the rights of the beneficiary under the deed of trust." (Pl.'s MSJ 11:2–9).

The Nevada Supreme Court has repeatedly held that an HOA's CC&Rs, including those that provide for mortgagee protection, do not supersede the statutory structure of NRS Chapter 116. *See SFR Invs. Pool 1*, 334 P.3d at 418–19 ("'Nothing in [NRS] 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien.'... The mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case.") (citation omitted); *Ikon Holdings*, 373 P.3d at 73–74 (holding that an HOA's CC&R provisions in contravention of NRS Chapter 116 "are superseded by statute and are thus negated."); *see also RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) (unpublished) (declining to consider certified question of "whether an association may validly subordinate its assessment lien" in its CC&Rs because "there is controlling Nevada precedent" on point).

Additionally, other than the existence of the mortgagee protection clause itself, Plaintiff has not pointed to tangible evidence of resulting unfairness, such as chilled bidding. Even if

Plaintiff did adduce evidence that potential bidders had notice of HOA's CC&Rs, it is "presumed that any potential bidders also were aware of NRS 116.1104." *US Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 71414, 414 P.3d 809, 2018 WL 1448248, at *2 (Nev. 2018) (unpublished) (citing *Smith v. State*, 151 P. 512, 513 (Nev. 1915) ("Every one is presumed to know the law and this presumption is not even rebuttable.")). The Court accordingly rejects this argument.

### 3. The Purported "Subpriority-Only" Sale

Relatedly, Plaintiff argues that HOA intended a subpriority-only sale based upon the mortgagee protection clause as well as the post-sale distribution of proceeds. (Pl.'s MSJ 9:16–10:8). Neither of these assertions, however, supports an inference that HOA did not intend to foreclose on its superpriority lien. The foreclosure notices, as well as the foreclosure deed, constitute prima facie evidence that HOA foreclosed on its superpriority lien. The notice of default and election to sell states that Alcantaras failed to pay monthly assessments due from September 1, 2011, denoting that the HOA lien was comprised of nine months' worth of common assessments. (*See* Notice of Default, Ex. Z to Pl.'s MSJ, ECF No. 80-26). The notice of foreclosure sale specifies that the winning bidder will acquire "all right, title, and interest," to the Property, and SFR's foreclosure deed provides that HOA, in fact, conveyed "right, title and interest" in the Property "without warranty express or implied." (*See* Notice of Sale, Ex. AA to Pl.'s MSJ); (Foreclosure Deed, Ex. CC to Pl.'s MSJ). These representations demonstrate that HOA did not elect to conduct a subpriority-only sale. *See Bank of New York Mellon v. K&P Homes, LLC*, No. 71273, 404 P.3d 403, 2017 WL 4790995, at *1 (Nev. 2017) (unpublished) (holding that the foreclosures notice's reference to unpaid common assessments coupled with a foreclosure deed language stating that HOA conveys "all its right, title and interest" constitutes prima facie evidence that HOA foreclosed on the superpriority portion of its lien.); *PNC Bank, Nat'l Ass'n v. Saticoy Bay LLC Series 9320 Mt. Cash Ave. UT 103*, No.

69595, 395 P.3d 511, 2017 WL 2334492, at *2 (Nev. 2017) (unpublished) ("[W]e conclude that the language in the pre-sale notices constituted prima facie evidence that the HOA was foreclosing on a lien comprised of monthly assessments.").

In light of these representations, the alleged improper distribution of post-sale proceeds is not enough to support a finding that HOA only foreclosed on the subpriority-portion of its lien. First, an HOA's "post-sale distribution of proceeds ha[s] no bearing on the events leading up to and during the sale." *Bank of Am., N.A. v. Saticoy Bay LLC Series 716 Fiesta Del Rey*, No. 73623, 433 P.3d 262, 2019 WL 292773, at *2 (Nev. 2019) (unpublished). More significantly, NRS 116.31166(2) absolves SFR of "any responsibility to see that the sale proceeds are properly distributed." *Shadow Canyon*, 405 P.3d at 650 (recognizing that under NRS 116.31166(2), a lender's "recourse, if any, is against the HOA or its agent that conducted the sale and distributed the proceeds"); *see also* NRS 116.31166(2) ("The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.").

To recap, Plaintiff has not met their burden of demonstrating factual disputes as to whether the foreclosure sale was sufficiently tainted with fraud, oppression, or unfairness to warrant setting aside the sale on equitable grounds. Therefore, the Court denies Plaintiff's Motion for Summary Judgment on its quiet title and declaratory relief claims.

### E. SFR and HOA's Motions for Summary Judgment

Given the lack of any genuine factual dispute as to Plaintiff's theories supporting its quiet title claim, summary judgment in SFR's favor is warranted against Plaintiff. *See SFR Invs. Pool 1*, 334 P.3d at 419 ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."). Finding no legal or equitable basis to invalidate the sale, SFR's purchase of the Property extinguished the DOT and any remaining interest Plaintiff possessed with respect to the Property. *See* NRS 116.3116(2);

(*see also* Statutory Foreclosure Notices, ECF Nos. 80-25, 80-26, 80-27, 80-28); (Foreclosure Deed, ECF No. 80-29). SFR's Motion for Summary Judgment on its quiet title and declaratory relief claims against Plaintiff is granted. Furthermore, as Plaintiff's wrongful foreclosure and NRS 116 claims are tethered to the viability of its quiet title claim, the Court grants summary judgment in favor of the SFR and HOA on these issues.[1]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 80), is **DENIED**.

**IT IS FURTHER ORDERED** that HOA's Motion for Summary Judgment, (ECF No. 81), is **GRANTED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 82), is **GRANTED**.

The Clerk of Court is instructed to close the case and enter judgment accordingly.

**DATED** this __30__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] As Plaintiff cannot possibly win relief on its remaining claims against NAS and injunctive relief claim against SFR, these claims are dismissed. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (stating that a trial court may *sua sponte* dismiss claims where plaintiff cannot possibly win relief).